JOHN L. KRIEGER (Nevada Bar No. 6023)
jkrieger@lrlaw.com
NIKKYA G. WILLIAMS (Nevada Bar No. 11484)
nwilliams@lrlaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
(702) 949-8398 fax

Attorneys for RENO-TAHOE SPECIALTY, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RENO-TAHOE SPECIALTY, INC., a Nevada corporation,<br><br>                  Plaintiff,<br><br>   v.<br><br>MUNGCHI, INC., a California corporation; TOP DESIGN, a California business entity; KYUNG SU LEE, an individual,<br><br>                  Defendants. | CASE NO.<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff RENO-TAHOE SPECIALTY, INC. alleges as follows:

### NATURE OF THE CASE

This is an action for copyright infringement and unfair competition under the Lanham Act, with pendent claims for state deceptive trade practices, intentional interference with prospective economic advantage, and negligent interference with contractual relations. Plaintiff seeks actual damages, Defendants' profits, and/or statutory damages, and an award of attorneys' fees and costs, and preliminary and permanent injunctive relief.

### JURISDICTION AND VENUE

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et. seq. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) & (b). This Court has supplemental jurisdiction over Plaintiff's

state law claims pursuant to 28 U.S.C. § 1367(a).

2.   This Court has personal jurisdiction over Defendants because Defendants have continuous and systematic contacts with the State of Nevada, regularly conduct business in Las Vegas, Nevada, and Defendants committed the infringing and other tortious conduct underlying Plaintiff's claims in this judicial district.

3.   Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b) & (c) and 1400.  Venue lies in the unofficial Southern division of this Court.

## PARTIES

4.   Plaintiff Reno-Tahoe Specialty, Inc. ("RTSI"), is a Nevada corporation in the business of producing and selling posters, postcards, souvenir books, and other merchandise. Much of RTSI's merchandise depicts attractions in and around Las Vegas, Nevada.  Plaintiff's principal place of business is in Las Vegas, Nevada.

5.   Upon information and belief, Defendant Mungchi, Inc. ("Mungchi") is a California corporation with its principal place of business in Los Angeles, California.  Upon information and belief, Mungchi distributes and sells souvenir merchandise in Las Vegas, Nevada.

6.   Upon information and belief, Defendant Top Design ("Top Design") is a California business entity with its principal place of business in Los Angeles, California.  Upon information and belief, Top Design manufactures and distributes souvenir merchandise in Las Vegas, Nevada.

7.   Upon information and belief, Defendant Kyung Su Lee ("Lee") is a resident of California.  Upon information and belief, Lee owns and operates Top Design.

8.   Upon information and belief, Defendants Top Design and Lee are each the alter ego of the other, and are each the officer, agent, servant, representative, and/or employee of the other, acting in participation with the other, having authority or apparent authority to bind the other.

9.   Plaintiff alleges that Defendants, and each of them, are jointly and severally liable for all their tortious conduct as identified and described herein.

## ALLEGATIONS COMMON TO ALL COUNTS

10.   In or around 1997, RTSI took pictures of various landmarks on the area commonly known as the Las Vegas Strip.  Through the use of sophisticated computerized photo-editing and

photo-enhancing software, RTSI used these photographs to create an original artistic work entitled the "695 View." A true and accurate copy of the original work is attached hereto as Exhibit A, and is incorporated herein by this reference. Hereinafter, this work will be referred to as the "695 View."

11. The 695 View is not an accurate representation of the Las Vegas Strip landmarks. The 695 View contains numerous artistic choices, changes and enhancements to fictionalize the Las Vegas Strip landmarks. As new resort hotel casinos were built on the Las Vegas Strip, RTSI has modified the 695 View from time to time to include these physical changes to the Las Vegas Strip.

12. In or around 1997, RTSI began selling postcards of the 695 View to numerous gift shops in the Las Vegas area. RTSI also began including the 695 View in its yearly Las Vegas calendars. Over time, RTSI also added the 695 View to many of its "hard" items, such as key chains, picture frames, ashtrays, snow globes, beach towels and kitchen wares. In fact, RTSI's 695 View is its best-selling work.

13. In December 1999, RTSI modified the 695 View, adding the "Mandalay Bay" resort hotel casino, and making other artistic changes to the work. RTSI timely obtained a U.S. Copyright Registration in the 695 View. A true and accurate copy of Registration VA 993-271 is attached hereto as Exhibit B, and incorporated herein by this reference.

14. In December 1999, RTSI also further modified the 695 View, adding the "Walgreens" sign, and placed it on two cut-out postcards. RTSI timely obtained a U.S. Copyright Registrations on the 695 View in these cut-out postcards. A true and accurate copy of Registration VA 993-270 is attached hereto as Exhibit C, and incorporated herein by this reference.

15. In or around 2002, RTSI created its 2003-2004 Collector Edition two-year calendar, which incorporated, among other images, the 695 View. A true and accurate copy of the 695 image from RTSI's 2003-2004 Collector Edition two-year calendar is attached hereto as Exhibit D and is incorporated herein by this reference.

16. In or around July 2003, RTSI obtained a U.S. copyright registration on its calendar. A true and accurate copy of Registration No. VA 1-198-412 is attached hereto as Exhibit E and is incorporated herein by this reference.

17. Over the past few years, RTSI has updated the 695 View from time to time to add new images, including, but not limited to, THEhotel at Mandalay Bay; differently-angled shots of Bellagio, the Caesars Palace tower and Coliseum, The Mirage hotel tower; as well as the infamous "Welcome to Las Vegas" sign. One such update to the 695 View occurred in 2010 (the "2010 Version"). A true and accurate copy of the 2010 Version is attached hereto as Exhibit F and is incorporated herein by this reference.

18. Hereinafter, the 695 View images protected under Registration No. VA 993-270, Registration No. 993-271, and Registration No. VA 1-198-412, and the 2010 Version will be referred to collectively as the "695 View."

19. The 2010 Version contains several intentional artistic changes that differ from the reality of the Las Vegas Strip. For example, the building sitting in the place of THEhotel at Mandalay Bay is merely a copy of the left wing of the Mandalay Bay hotel image next to it. It is not an image of the actual THEhotel at Mandalay Bay, as evidenced by, among other things, the duplication of the MANDALAY BAY name at the top of the building; the real THEhotel at Mandalay Bay does not have the MANDALAY BAY name on it. Moreover, RTSI added the Walgreens and CVS signs; the Statue of Liberty, which is not to scale; a blurred image of Stevie Nicks on the Caesars Palace marquee; and, the images of KA and Studio 54 on the MGM Grand marquee. None of these images would be visible in the sightline of a normal photo of the Las Vegas Strip taken from the angle in the 695 View.

20. A copyright notice is displayed on the back of all RTSI paper products and publications in which the 695 View appear, and on most hard items upon which the these images are placed.

21. Consumers have come to associate the 695 View exclusively with RTSI.

22. RTSI sells and distributes many products, including snow globes, picture frames, shot glasses, calendars, beach towels and kitchen wares, bearing the 695 View.

23. Upon information and belief, without the knowledge or consent of RTSI, Defendants, and each of them, copied the 695 View, namely the 2010 version of the 695 View, into some storage medium.

24. Upon information and belief, without the knowledge or consent of RTSI, Defendants, and each of them, manipulated copies of the 695 View to create derivative works for use on t-shirts. A true and accurate copy of a photograph of one of Mungchi's t-shirts incorporating RTSI's 695 View is attached hereto as Exhibit G and incorporated herein by this reference. Upon information and belief, Top Design and Lee were responsible for manufacturing the t-shirt.

25. Upon information and belief, without the knowledge or consent of RTSI, Defendants, and each of them, used the 695 View for their own souvenir merchandise to be sold at the very same stores in which RTSI sells its own merchandise containing the 695 View. Defendants' merchandise containing the 695 View will hereinafter be referred to as the "Infringing Works."

26. Defendants, and each of them, without the knowledge or consent of RTSI, distributed and sold their Infringing Works to gift stores throughout Las Vegas. Upon information and belief, Defendants, and each of them, removed the copyright management information from the 695 View before copying it to create the Infringing Works.

27. On May 25, 2012, RTSI's counsel sent a cease and desist letter to Mungchi, notifying Mungchi of its infringement of the 695 View and demanding that Mungchi immediately stop its infringement. A true and accurate copy of RTSI's letter is attached hereto as Exhibit H and is incorporated herein by this reference.

28. This is not the first time RTSI has demanded that Mungchi stop infringing RTSI's copyrighted works. In February 2008, RTSI's counsel sent a cease and desist letter to Mungchi regarding their infringement of another of RTSI's copyrighted works. A true and accurate copy of RTSI's counsel's February 2008 letter is attached hereto as Exhibit I and is incorporated herein by this reference.

29. In response to that 2008 letter, Mungchi ceased its infringing conduct. Mungchi also acknowledged that any further use of RTSI's copyrighted works would need to be authorized and licensed by RTSI, stating, in part, that Mungchi "was also hoping to get in contact with someone who handles your licensed merchandise and artwork." A true and accurate copy of Mungchi's response to RTSI's counsel's 2008 letter is attached hereto as Exhibit J and is incorporated herein by this reference.

30. Notwithstanding its offer to work with RTSI, Mungchi never contacted RTSI or its counsel for licensing merchandise or artwork.

31. Upon information and belief, Defendants, and each of them, continues to manufacture, distribute and sell their Infringing Works to the public and use RTSI's 695 View without authorization.

**COUNT I**
**(Copyright Infringement - Copying,**
**17 U.S.C. § 501 et seq.)**

32. RTSI incorporates the preceding allegations as if fully set forth herein.

33. RTSI's 695 View constitutes copyrightable subject matter, because it is a pictorial or graphical work within the meaning of Section 102(a)(5) of the Copyright Act.

34. RTSI's 695 View is an original works of authorship fixed in a tangible medium of expression from which it can be perceived.

35. RTSI owns valid copyright registrations for the 695 View.

36. RTSI has complied in all respects with the statutory requirements for the creation and enforcement of the copyrights in its 695 View.

37. Defendants, and each of them, infringed RTSI's copyrights by copying its 695 View.

38. Defendants, and each of them, willfully infringed upon RTSI's copyrights in its 695 View.

39. As the direct and proximate result of Defendants' violations of RTSI's copyrights, RTSI has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill.

40. RTSI is entitled to injunctive relief and an award of statutory damages for Defendants' infringement, or, in the alternative, RTSI's actual damages and Defendants' profits.

## COUNT II
### (Copyright Infringement – Derivative Work, 17 U.S.C. § 501 et seq.)

41. RTSI incorporates the preceding allegations as if fully set forth herein.

42. RTSI's 695 View constitutes copyrightable subject matter, because it is a pictorial or graphical work within the meaning of Section 102(a)(5) of the Copyright Act.

43. RTSI's 695 View is an original work of authorship fixed in a tangible medium of expression from which it can be perceived.

44. RTSI owns valid copyright registrations for its 695 View.

45. RTSI has complied in all respects with the statutory requirements for the creation and enforcement of the copyrights in its 695 View.

46. Defendants, and each of them, infringed RTSI's copyrights by manipulating the images used in the 695 View and creating the Infringing Works.

47. Defendants, and each of them, willfully infringed upon RTSI's copyrights in its 695 View.

48. As the direct and proximate result of Defendants' violations of RTSI's copyrights, RTSI has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill.

49. RTSI is entitled to injunctive relief and an award of statutory damages for Defendants' infringement, or, in the alternative, RTSI's actual damages and Defendants' profits.

## COUNT III
### (Copyright Infringement – Distribution and Sale, 17 U.S.C. § 501 et seq.)

50. RTSI incorporates the preceding allegations as if fully set forth herein.

51. RTSI's 695 View constitutes copyrightable subject matter, because it is a pictorial or graphical work within the meaning of Section 102(a)(5) of the Copyright Act.

52. RTSI's 695 View is an original work of authorship fixed in a tangible medium of expression from which it can be perceived.

53. RTSI owns valid copyright registrations for its 695 View.

54. RTSI has complied in all respects with the statutory requirements for the creation and enforcement of the copyrights in its 695 View.

55. Defendants, and each of them, infringed RTSI's copyrights by distributing the Infringing Works for sale to the public.

56. Defendants, and each of them, willfully infringed upon RTSI's copyrights in its 695 View.

57. As the direct and proximate result of Defednants' violations of RTSI's copyrights, RTSI has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill.

58. RTSI is entitled to injunctive relief and an award of statutory damages for Defendants' infringement, or, in the alternative, RTSI's actual damages and Defendants' profits.

## COUNT IV
### (Copyright Infringement – Reproduction, 17 U.S.C. § 501 et seq.)

59. RTSI incorporates the preceding allegations as if fully set forth herein.

60. RTSI's 695 View constitutes copyrightable subject matter, because it is a pictorial or graphical work within the meaning of Section 102(a)(5) of the Copyright Act.

61. RTSI's 695 View is an original work of authorship fixed in a tangible medium of expression from which it can be perceived.

62. RTSI owns valid copyright registrations for its 695 View.

63. RTSI has complied in all respects with the statutory requirements for the creation and enforcement of the copyright in its 695 View.

64. Defendants, and each of them, infringed RTSI's copyright by reproducing RTSI's 695 View for use in its Infringing Works.

65. Defendants, and each of them, willfully infringed upon RTSI's copyright in its 695 View.

66. As the direct and proximate result of Defendants' violations of RTSI's copyright, RTSI has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill.

67. RTSI is entitled to injunctive relief and an award of statutory damages for Defendants' infringement, or, in the alternative, RTSI's actual damages and Defendants' profits.

**COUNT V**
**(Copyright Infringement – Public Display,**
**17 U.S.C. § 501 et seq.)**

68. RTSI incorporates the preceding allegations as if fully set forth herein.

69. RTSI's 695 View constitutes copyrightable subject matter, because it is a pictorial or graphical work within the meaning of Section 102(a)(5) of the Copyright Act.

70. RTSI's 695 View is an original work of authorship fixed in a tangible medium of expression from which it can be perceived.

71. RTSI owns valid copyright registrations for its 695 View.

72. RTSI has complied in all respects with the statutory requirements for the creation and enforcement of the copyrights in its 695 View.

73. Defendants, and each of them, infringed RTSI's copyrights by publicly displaying the Infringing Works in gift stores in Las Vegas, Nevada.

74. Defendants, and each of them, willfully infringed upon RTSI's copyrights in its 695 View.

75. As the direct and proximate result of Defendants' violations of RTSI's copyrights, RTSI has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill.

76. RTSI is entitled to injunctive relief and an award of statutory damages for Defendants' infringement, or, in the alternative, RTSI's actual damages and Defendants' profits.

**COUNT VI**
**(Removal or Alteration of Copyright**
**Management Information, 17 U.S.C. § 1202(b))**

77. RTSI incorporates the preceding allegations as if fully set forth herein.

78. RTSI's 695 View constitutes copyrightable subject matter, because it is a pictorial or graphical works within the meaning of Section 102(a)(5) of the Copyright Act.

79. RTSI's 695 View is an original work of authorship fixed in a tangible medium of expression from which it can be perceived.

80. RTSI owns valid copyright registrations for its 695 View.

81. RTSI has complied in all respects with the statutory requirements for the creation and enforcement of the copyrights in the 695 View.

82. Defendants, and each of them, intentionally removed the copyright management information from the 695 View.

83. Defendants, and each of them, willfully distributed the Infringing Works and other substantially similar products knowing that the copyright management information had been removed without RTSI's authorization.

84. As the direct and proximate result of Defendants' violations by removing RTSI's copyright management information, RTSI has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill.

85. RTSI is entitled to injunctive relief and an award of statutory damages for Defendants' removal of RTSI's copyright management information, or, in the alternative, RTSI's actual damages and Defendants' profits.

**COUNT VII**
**(Unfair Competition under**
**the Lanham Act, 15 U.S.C. § 1125(a))**

86. RTSI incorporates the preceding allegations as if fully set forth herein.

87. Defendants' use in commerce of the Infringing Works constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with RTSI, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by RTSI.

88. Defendants' use in commerce of the Infringing Works with the knowledge that RTSI owns and has used, and continues to use, its 695 View constitutes intentional conduct by

Defendants to make false designations of origin and false descriptions about Defendants' goods and services and commercial activities.

89. As a direct and proximate result of such unfair competition, RTSI has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

90. Defendants' actions were done willfully, with the intent to cause injury to RTSI, and in conscious disregard of RTSI's rights. Therefore, Defendants are guilty of malice, oppression and fraud, and RTSI is entitled to an award of punitive damages appropriate to punish Defendants, and to deter others from engaging in similar misconduct.

## COUNT VIII
### (Intentional Interference With Prospective Economic Advantage)

91. RTSI incorporates the preceding allegations as if fully set forth herein.

92. At the time Defendants, and each of them, adopted and began creating and selling the Infringing Works and since that time, Defendants, and each of them, knew and have known that RTSI is in the business of manufacturing, distributing and selling its copyrighted works, including the 695 View.

93. Defendants, and each of them, committed acts intended or designed to disrupt RTSI's prospective economic advantage arising from the sale of its 695 View.

94. Defendants' actions have disrupted or are intended to disrupt RTSI's business.

95. Defendants, and each of them, have no legal right, privilege or justification for its conduct.

96. As a direct and proximate result of Defendants' intentional interference with RTSI's prospective economic advantage, RTSI has suffered, and will continue to suffer, monetary damages and irreparable injury.

## COUNT IX
### (Negligent Interference With Contractual Relations)

97. RTSI incorporates the preceding allegations as if fully set forth herein.

98. Defendants, and each of them, knew and have known or should have known that RTSI has contractual relations with its vendors and retailers, and were aware or should have been aware that if they interfered with those contractual relations, their wrongful actions would cause RTSI to lose in whole or in part the probable future economic benefit or advantage of those contractual relations.

99. Defendants, and each of them, were negligent and failed to exercise due care in their actions towards RTSI with respect to RTSI's contractual relations with its vendors and retailers.

100. Defendants, and each of them, had no legal right, privilege or justification for their conduct.

101. As a direct and proximate result of Defendants' negligent interference with RTSI's contractual relations, RTSI has suffered, and will continue to suffer, monetary damages and irreparable injury.

## **PRAYER FOR RELIEF**

WHEREFORE, RTSI respectfully prays that the Court grant the following relief:

A. Pursuant to 17 U.S.C. § 502, grant a preliminary and permanent injunction preventing Defendants from copying, manipulating, reproducing, distributing, selling or displaying RTSI's copyrighted 695 View or derivatives thereof, including, but not limited to, the Infringing Works;

B. Pursuant to 17 U.S.C. § 503, grant a preliminary order impounding all copies of the Infringing Works and any other infringing products, and all articles by means of which such copies may be produced and a permanent order for destruction of same;

C. Pursuant to 17 U.S.C. § 504, award to RTSI statutory damages of up to $150,000 per infringement, or, in the alternative, all actual damages suffered by RTSI and all profit earned by Defendants attributable to the copyright infringements;

D. Pursuant to 17 U.S.C. § 1203(b)(1), grant a temporary and permanent injunction preventing Defendants from reproducing, distributing, selling and/or displaying RTSI's 695 View or any derivatives thereof, including, but not limited to, the Infringing Works;

  E. Pursuant to 17 U.S.C. § 1203(b)(2), grant a preliminary order impounding all copies of the Infringing Works and any other infringing products, and all articles by means of which such copies may be produced;

  F. Pursuant to 17 U.S.C. § 1203(b)(3) and (c)(3)(B), award RTSI statutory damages of up to $25,000 for each violation of 17 U.S.C. § 1202(b), or, in the alternative, all actual damages suffered by RTSI as a result of the violation of 17 U.S.C. § 1202(b) and any additional profits of Defendants that are attributable to the violation of 17 U.S.C. § 1202(b);

  G. Pursuant to 17 U.S.C. §§ 505 and 1203(b)(4) and (5), award RTSI its full costs in litigating this matter, including reasonable attorneys' fees;

  H. A full accounting by Defendants of all profits attributable to the infringement and/or violation of 17 U.S.C. § 1202(b);

  I. Impose a constructive trust for the benefit of RTSI on all revenue generated by Defendants from the sale of the Infringing Works, or any substantially similar products, and from Defendants' other tortious conduct;

  J. Award to RTSI punitive damages for Defendants' willful and malicious conduct; and

  K. All other relief to which RTSI is entitled.

DATED this 18th day of January, 2013.

          LEWIS AND ROCA LLP

          By: /s/ John L. Krieger
            John L. Krieger
            Nikkya G. Williams
            3993 Howard Hughes Parkway, Suite 600
            Las Vegas, Nevada 89169
            (702) 949-8200
            Attorneys for
            RENO-TAHOE SPECIALTY, INC.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

3229515.1