# EXHIBIT B

```
1  JOHN L. KRIEGER (Nevada Bar No. 6023)
   jkrieger@lrlaw.com
2  NIKKYA G. WILLIAMS (Nevada Bar No. 11484)
   nwilliams@lrlaw.com
3  LEWIS AND ROCA LLP
   3993 Howard Hughes Parkway, Suite 600
4  Las Vegas, Nevada 89169
   (702) 949-8200
5  (702) 949-8398 fax

6  Attorneys for RENO-TAHOE SPECIALTY, INC.
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RENO-TAHOE SPECIALITY, INC., a Nevada corporation,<br><br>            Plaintiff,<br><br>       v.<br><br>MUNGCHI, INC., a California corporation,<br><br>            Defendant. | CASE NO: 2:12-cv-01051-GMN-VCF<br><br>**PLAINTIFF RENO-TAHOE SPECIALITY, INC.'S FIRST REQUESTS FOR ADMISSIONS** |

Plaintiff Reno-Tahoe Speciality, Inc. ("RTSI"), by its attorneys, and pursuant to Fed. R. Civ. P. 36, requests that Defendant Mungchi, Inc.("Defendant") respond to the following requests for admission, in writing and under oath, within thirty (30) days of service.

**DEFINITIONS**

1.   In reading and interpreting each request for admission below, words generally are to be accorded their normal and customary meanings, and it is to be assumed that the normal and customary breadth of interpretation and definition apply, rather than narrow, technical definitions.

2.   The "CHELONA trademark" refers to the trademark that is the subject of U.S. Registration No. 3,160,452.

3.   "RTSI" shall mean the Plaintiff in this case, Reno-Tahoe Speciality, Inc.

4. "Persons," shall mean natural persons, corporations, partnerships, associations, and other legal entities, governments or governmental bodies, commissions, boards, agencies, or other entities.

5. "Defendant," "you," and "your" refer to the nominal defendant, Mungchi, Inc., its representatives, and any affiliated business entity in which Defendant holds an ownership interest.

6. "Representative," or "Representatives," includes, but is not limited to, Defendant's legal counsel, consultants, accountants, employees, and agents.

7. "Infringing T-shirt" or "Infringing T-shirts" means the t-shirt pictured in Exhibit G to the Complaint in this case and any and all other similar t-shirts.

8. The "Work" means the image shown in Exhibit F to the Complaint.

9. "Communications" shall mean the transmittal of information by any means.

10. "Relate to," "relating to," "relating thereto," "regarding," "in regard to," and "in connection with," shall mean constitutes, contains, embodies, reflects, evidences, identifies, states, refers to, deals with, or is an any way pertinent to the specified request.

11. "Or," shall mean "and/or."

## REQUESTS FOR ADMISSION

1. Admit that you own the CHELONA trademark.
2. Admit that you manufacture clothing bearing the CHELONA trademark.
3. Admit that you import clothing bearing the CHELONA trademark.
4. Admit that you offer for sale clothing bearing the CHELONA trademark.
5. Admit that you sell clothing bearing the CHELONA trademark.
6. Admit that you distribute clothing bearing the CHELONA trademark.
7. Admit that you manufacture t-shirts bearing the CHELONA trademark.
8. Admit that you import t-shirts bearing the CHELONA trademark.
9. Admit that you offer for sale t-shirts bearing the CHELONA trademark.
10. Admit that you sell t-shirts bearing the CHELONA trademark.
11. Admit that you distribute t-shirts bearing the CHELONA trademark.

12. Admit that the Infringing T-shirt shown in Exhibit G to the Complaint bears the CHELONA trademark.

13. Admit that the Infringing T-shirts bear the CHELONA trademark.

14. Admit that you created the design for the Infringing T-shirts.

15. Admit that you chose the design for the Infringing T-shirts.

16. Admit that you approved the design for the Infringing T-shirts.

17. Admit that you imported the Infringing T-shirts.

18. Admit that you manufactured the Infringing T-shirts.

19. Admit that you caused the Infringing T-shirts to be manufactured by a third party.

20. Admit that you entered into an agreement or agreements for the manufacture of the Infringing T-shirts by a third party.

21. Admit that you distributed the Infringing T-shirts.

22. Admit that you entered into an agreement or agreements for the distribution of the Infringing T-shirts by a third party.

23. Admit that you distributed the Infringing T-shirts through at least one Walgreens store located in Las Vegas, Nevada.

24. Admit that you distributed the Infringing T-shirts to at least one Walgreens store located in Las Vegas, Nevada.

25. Admit that you offered for sale the Infringing T-shirts.

26. Admit that you offered for sale the Infringing T-shirts through at least one Walgreens store located in Las Vegas, Nevada.

27. Admit that you sold the Infringing T-shirts.

28. Admit that you sold at least one Infringing T-shirt.

29. Admit that you sold the Infringing T-shirts through at least one Walgreens store located in Las Vegas, Nevada.

30. Admit that you entered into an agreement or agreements for the sale of the Infringing T-shirts by a third party.

31. Admit that you entered into an agreement or agreements for the sale of the

Infringing T-shirts to a third party.

32. Admit that the Infringing T-shirts were displayed to the public.

33. Admit that you displayed the Infringing T-shirts to the public.

34. Admit that you caused the Infringing T-shirts to be displayed to the public.

35. Admit that the image on the Infringing T-shirt shown in Exhibit G to the Complaint is similar to the Work.

36. Admit that the image on the Infringing T-shirt shown in Exhibit G to the Complaint is identical to the Work.

37. Admit that the image of the "Mandalay Bay" hotel on the Infringing T-shirt in Exhibit G to the Complaint is similar to the image of the "Mandalay Bay" hotel in the Work.

38. Admit that the image of the "Mandalay Bay" Hotel on the Infringing T-shirt in Exhibit G to the Complaint is identical to the image of the "Mandalay Bay" Hotel in the Work.

39. Admit that the image of the "Paris" Balloon and Eiffel Tower on the Infringing T-shirt in Exhibit G to the Complaint is similar to the image of the "Paris" Balloon and Eiffel Tower in the Work.

40. Admit that the image of the "Paris" Balloon and Eiffel Tower on the Infringing T-shirt in Exhibit G to the Complaint is identical to the image of the "Paris" Balloon and Eiffel Tower in the Work..

41. Admit that the image of the "Imperial Palace" hotel on the Infringing T-shirt in Exhibit G to the Complaint is similar to the image of the "Imperial Palace" hotel in the Work.

42. Admit that the image of the "Imperial Palace" hotel on the Infringing T-shirt in Exhibit G to the Complaint is identical to the image of the "Imperial Palace" hotel in the Work.

43. Admit that the image of the "Ballys" sign on the Infringing T-shirt in Exhibit G to the Complaint is similar to the image of the "Ballys" sign in the Work.

44. Admit that the image of the "Ballys" sign on the Infringing T-shirt in Exhibit G to the Complaint is identical to the image of the "Ballys" sign in Exhibit F to the Work.

45. Admit that you knew about RTSI prior to the current lawsuit.

46. Admit that you were aware of the existence of RTSI prior to the current lawsuit.

47. Admit that you were familiar with RTSI's merchandise prior to the current lawsuit.

48. Admit that you were aware of RTSI's copyrighted images prior to the current lawsuit.

49. Admit that, prior to the current lawsuit, you infringed RTSI's copyright in the cover artwork for RTSI's 2008 limited edition calendar.

50. Admit that you possessed a copy of Work.

51. Admit that you possessed an electronic copy of the Work.

52. Admit that you possessed a physical copy of the Work.

53. Admit that you possessed merchandise from RTSI bearing the Work.

54. Admit that you possessed a calendar which included the Work.

55. Admit that you possessed a postcard bearing the Work.

56. Admit that you possessed a key chain bearing the Work.

57. Admit that you possessed a picture frame bearing the Work.

58. Admit that you possessed an ashtray bearing the Work.

59. Admit that you possessed a snow globe bearing the Work.

60. Admit that you possessed a beach towel bearing the Work.

61. Admit that you possessed kitchen wares bearing the Work.

62. Admit that you possessed a can cooler bearing the Work.

63. Admit that you possessed a bottle cooler bearing the Work.

64. Admit that you possessed a compact mirror bearing the Work.

65. Admit that you possessed a tote bag bearing the Work.

66. Admit that you possessed a cosmetic purse bearing the Work.

67. Admit that you possessed a coin purse bearing the Work.

68. Admit that you possessed a savings bank bearing the Work.

69. Admit that you possessed a pencil kit bearing the Work.

70. Admit that you possessed a wine bottle gift set bearing the Work.

71. Admit that you possessed a pillow bearing the Work.

72. Admit that you possessed an RTSI calendar which included the Work.
73. Admit that you possessed an RTSI postcard bearing the Work.
74. Admit that you possessed an RTSI key chain bearing the Work.
75. Admit that you possessed an RTSI picture frame bearing the Work.
76. Admit that you possessed an RTSI ashtray bearing the Work.
77. Admit that you possessed an RTSI snow globe bearing the Work.
78. Admit that you possessed an RTSI beach towel bearing the Work.
79. Admit that you possessed RTSI kitchen wares bearing the Work.
80. Admit that you possessed an RTSI can cooler bearing the Work.
81. Admit that you possessed an RTSI bottle cooler bearing the Work.
82. Admit that you possessed an RTSI compact mirror bearing the Work.
83. Admit that you possessed an RTSI tote bag bearing the Work.
84. Admit that you possessed an RTSI cosmetic purse bearing the Work.
85. Admit that you possessed an RTSI coin purse bearing the Work.
86. Admit that you possessed an RTSI savings bank bearing the Work.
87. Admit that you possessed an RTSI pencil kit bearing the Work.
88. Admit that you possessed an RTSI wine bottle gift set bearing the Work.
89. Admit that you possessed an RTSI pillow bearing the Work.
90. Admit that you scanned a copy of the Work into a computer.
91. Admit that you converted a copy of the Work into a computer file.
92. Admit that you added other design elements to the Work.
93. Admit that you added a "Welcome to Fabulous Las Vegas" sign to the Work.
94. Admit that you added the phrase "Las Vegas!" to the Work.
95. Admit that you cropped the Work.
96. Admit that the Work contains a copyright notice.
97. Admit that you removed the copyright notice from a copy of the Work.
98. Admit that you altered the Work.
99. Admit that you copied the Work.

100. Admit that you photocopied the Work.
101. Admit that the Work is displayed in calendars.
102. Admit that Work is displayed on postcards.
103. Admit that the Work is displayed on key chains.
104. Admit that the Work is displayed on picture frames.
105. Admit that the Work is displayed on ashtrays.
106. Admit that the Work is displayed on snow globes.
107. Admit that the Work is displayed on beach towels.
108. Admit that the Work is displayed on kitchen wares.
109. Admit that the Work is displayed on can coolers.
110. Admit that the Work is displayed on bottle coolers.
111. Admit that the Work is displayed on compact mirrors.
112. Admit that the Work is displayed on tote bags.
113. Admit that the Work is displayed on cosmetic purses.
114. Admit that the Work is displayed on coin purses.
115. Admit that the Work is displayed on savings banks.
116. Admit that the Work is displayed on pencil kits.
117. Admit that the Work is displayed on wine bottle gift sets.
118. Admit that the Work is displayed on pillows.
119. Admit that RTSI published the Work in calendars.
120. Admit that RTSI published the Work on postcards.
121. Admit that RTSI published the Work on key chains.
122. Admit that RTSI published the Work on picture frames.
123. Admit that RTSI published the Work on ashtrays.
124. Admit that RTSI published the Work on snow globes.
125. Admit that RTSI published the Work on beach towels.
126. Admit that RTSI published the Work on kitchen wares.
127. Admit that RTSI published the Work on can coolers.

128. Admit RTSI published the Work on bottle coolers.
129. Admit that RTSI published the Work on compact mirrors.
130. Admit that RTSI published the Work on tote bags.
131. Admit that RTSI published the Work on cosmetic purses.
132. Admit that RTSI published the Work on coin purses.
133. Admit that RTSI published the Work on savings banks.
134. Admit that RTSI published the Work on pencil kits.
135. Admit that RTSI published the Work on wine bottle gift sets.
136. Admit that RTSI published the Work on pillows.

DATED December 14, 2012.

LEWIS AND ROCA LLP

By: /s/ Nikkya Williams

John L. Krieger
Nikkya G. Williams
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200

Attorneys for
RENO-TAHOE SPECIALTY, INC

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on this 14th day of December, 2012 I caused the document entitled **PLAINTIFF RENO-TAHOE SPECIALTY, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** to be served as follows:

[ x ]  by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

[ ]  courtesy copy sent via facsimile; and/or

[ ]  to be hand-delivered;

to the attorneys listed below at the address and/or facsimile number indicated below:

Patrick W. Kang
Erica D. Loyd
KANG & ASSOCIATES PLLC
3571 Red Rock Street, Suite A
Las Vegas, Nevada 89103
(702) 333-4223 (phone)
(702) 507-1468 (fax)

Attorneys for Defendant
Mungchi, Inc.

*Danielle Kelley*
An employee of Lewis and Roca LLP