# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| RENO-TAHOE SPECIALITY, INC, | 2:12-cv-01051-GMN-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| MUNGCHI, INC, | |
| Defendant. | **(Motion to Withdraw & Amend Admissions #45)** |

Before the Court is defendant Mungchi, Inc's Motion to Withdraw & Amend Admissions. (#45). Plaintiff filed an Opposition (#47), and defendant did not file a reply.

**Background**

Plaintiff filed its complaint against defendant Mungchi, Inc., on June 20, 2012, asserting claims for (1) copyright infringement- copying, 17 U.S.C. § 501 et seq., (2) copyright infringement - derivative work, 17 U.S.C. § 501 et seq., (3) copyright infringement-distribution and sale, 17 U.S.C. § 501 et seq., (4) copyright infringement - reproduction, 17 U.S.C. § 501 et seq., (5) copyright infringement - public display, 17 U.S.C. § 501 et seq., (6) removal or alteration of copyright management information, 17 U.S.C. § 1202(b), (7) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), (8) intentional interference with prospective economic advantage, and (9) negligent interference with contractual relations. (#1). Plaintiff also filed a motion for temporary restraining order (#2) and a motion for preliminary injunction (#3) on the same day.

On June 22, 2012, plaintiff filed a supplement to the motion for temporary restraining order (#8), and the court issued an order granting the motion for temporary restraining order (#2) and setting a hearing on the motion for preliminary injunction (#3) for July 5, 2012. (#9).  The court held a hearing on July 25, 2012, and granted the motion for preliminary injunction (#3). (#16 and #18). On August 23, 2012, defendant filed an answer to the complaint (#1) and a cross-claim against Top Design, the company defendant asserts it purchased the alleged infringing image from. (#19).  The parties filed a proposed discovery plan and scheduling order on October 5, 2012 (#21), which the court signed on November 2, 2012 (#22).

On January 18, 2013, the parties filed a stipulation and order to permit plaintiff leave to amend its complaint (#29), which the court signed the same day (#30).  Plaintiff filed its amended complaint adding new parties Kyung Su Lee and Top Design on January 22, 2013. (#31).  Summons were returned executed as to both newly added defendants on February 4, 2013. (#34 and #35).  Plaintiff filed a motion for entry of clerk's default on March 1, 2013. (#36). Clerk's default was entered against Kyung Su Lee and Top Design on March 4, 2013. (#37).  On March 21, 2013, plaintiff filed a motion for partial summary judgment against defendant Mungchi, Inc (#38) and a motion for leave to file under seal certain exhibits and information (#39).  On March 22, 2013, the Honorable Gloria M. Navarro issued a minute order referring the action to the undersigned for a settlement conference. (#41).

On March 25, 2013, the undersigned issued an order scheduling a settlement conference for July 1, 2013. (#42).  On April 1, 2013, the court issued an order granting plaintiff's motion for leave to file certain exhibits under seal (#39). (#43).  On April 8, 2013, defendant filed an opposition to the motion for partial summary judgment (#44) and the instant motion to withdraw and amend admissions (#45)[1].

---

[1] The defendant filed the two requests for relief in one document, and, pursuant to Special Order 109, the clerk separated the document into two docket entries (#44 and #45).

On April 25, 2013, plaintiff filed an opposition to the motion to withdraw (#49) and a reply in support of the motion for summary judgment (#48).

**Motion to Withdraw and Amend Admissions**

    A.    **Relevant Facts**

On December 14, 2012, plaintiff served defendant with 136 requests for admissions (#45 Exhibit B) and 136 requests for production of documents (#45 Exhibit C). Defendant asserts that the plaintiff's request for documents "was nothing more than the requests for admissions duplicated."[2] (#45). Defendant asserts that since it "was overwhelmed by the numerous burdensome admissions," it failed to respond by January 14, 2012. *Id.* Defendant asserts that "prior to January 14, 2012, [d]efendant's counsel and [p]laintiff's counsel discussed and stipulated to allowing [p]laintiff...to amend its complaint to file action against Top Design," and that it "assumed that the filing of [p]laintiff's Amended Complaint would push back and extend discovery deadlines since a new party [would] be added to the case at bar." *Id.*

Defendant also asserts that "when [p]laintiff...corresponded regarding the lack of response to the Requests for Admissions [d]efendant Mungchi made it entirely clear its position regarding the discovery dispute at issue." *Id.* On March 21, 2013, plaintiff filed a motion for partial summary judgment asserting that no genuine issue of material fact exists in light of defendant's admissions. (#38). On April 7, 2013, defendant served plaintiff with its responses to the requests for admissions, wherein it responded with the following: "admits," "denies," "admits in part and denies in part," and defendant is "without sufficient knowledge or information to form a belief." (#44-8). Defendant filed its opposition

---

[2] The court notes that Exhibit C, "Plaintiff Reno-Tahoe Speciality, Inc's First Requests for Production of Documents and Tangible Things" (#44-3) is identical to Exhibit B, "Plaintiff Reno-Tahoe Speciality, Inc's First Request for Admissions" (#44-2), with the exception of the title of the documents. The request for document production does not in fact request the production of any documents as required by Fed. R. Civ. P. 34. Defendant does not assert that it notified plaintiff of this mistake at any time before filing this motion (#45).

to the motion for summary judgment (#44) and the instant motion to withdraw and amend admissions (#45) on April 8, 2013.

### B. Defendant's Arguments

Defendant asserts that its counsel's failure to adhere to 36(b) should not prejudice the defendant, and moves under Nevada Rule of Civil Procedure 36(b) to withdraw and amend the admissions. (#45). Defendant states that "[t]he Nevada Supreme Court routinely upholds the precedent that "[l]itigants are not to be deprived of a trial on the merits if there is the slightest doubt as to the operative facts. *Perez v. Las Vegas Medical Center*, 805 P. 2d 589, 590 (Nev. 1991)," and that the Nevada Rules of Civil Procedure permit it to withdraw and amend admissions. *Id.* The court reminds counsel that this court has subject matter jurisdiction over the present matter based on a federal question pursuant to 28 U.S.C. §§ 1331 and 1338(a) & (b) (#1), and that the court applies federal Ninth Circuit law and the Federal Rules of Civil Procedure, not state law or rules. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938). The standard for summary judgment in this court is met when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Defendant argues against granting summary judgment and asserts that the admissions should not be deemed admitted "merely because [it did not timely respond to] the overly burdensome propounded admissions." (#45). Defendant states that "the responses to admissions were untimely solely due to counsel's inadvertence as counsel was working with a reduction of staff," and that "[d]efendant's counsel anticipated a new scheduling order for this matter after the amended complaint was filed which would have extended the deadlines in this matter providing more time to respond to the 130 Admissions." *Id.* Defendant asserts that the requests for admissions were "undoubtedly overly

burdensome,"[3] and that summary judgment should not be entered because (1) of "the public policy principle that a case should be tried on the merits as opposed to being summarily dismissed on procedural mistakes and disputes," (2) there is "ample evidence and real genuine issues of material fact," (3) the court has the discretion to permit defendants to withdraw and amend its responses to admissions, and (4) plaintiff is not entitled to summary judgment on any of the claims. *Id.*

### C. Plaintiff's Arguments

Plaintiff argues that the defendant's motion "lacks factual support, fails to cite the appropriate legal standard and generally fails to meet the requirements for the [c]ourt to grant the relief requested." (#47). Plaintiff states that defense counsel did not mention either a need to extend the response deadline or the fact that the request for production of documents was duplicative of the requests for admissions during any of the communications relating to this action that occurred on December 20, 2012, January 16, 2013, or January 29, 2013. *Id.* Plaintiff also states that after contacting plaintiff's counsel regarding the missing responses, defense counsel promised to have the responses in by the end of the week of February 19, 2013, but did not adhere to that promise. *Id.*

Rule 36(b) provides that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Plaintiff relies on *Conlon v. U.S.*, 474 F.3D 616, 621 (9th Cir. 2007) to support its position that the court should not permit defendant to withdraw or amend its responses under Fed. R. Civ. P. 36(b). *Id.* Plaintiff asserts that Rule 36(b) is not mandatory, and that the court should consider other factors, such as a showing of "good cause" for the delay and whether the moving party has a strong case on the merits, in addition to the two-part test enumerated in the rule. *Id* (citing *Conlon*, 474 U.S. at 621 and 625).

---

[3]The Federal Rules of Civil Procedure provide the appropriate means to object to overly burdensome written discovery and/or to seek a protective order. *See* Fed. R. Civ. P. 26(c), 34(b)(2), and 36(a)(5).

With regard to the presentation of the merits of the action, plaintiff asserts that if the court upholds the admissions, it will have established the facts necessary to prove, at a minimum, its claims for copyright infringement and removal of copyright management information claims. *Id.* Plaintiff admits that this factor weighs in defendant's favor. *Id.* Plaintiff argues that the second factor, the prejudice to plaintiff, weighs in favor of plaintiff, as (1) plaintiff relied on defendant's admissions in pursuing its discovery strategy, (2) given the admissions, plaintiff did not seek to compel responses to its document requests or depose any witnesses, (3) discovery is now closed, and re-opening discovery would cause unnecessary delay and further expense, (4) defendant has barely participated in this action and has not conducted discovery of its own, (5) defendant provided untimely and "wholly inadequate" responses that do no meet its obligations under the Local Rules of this court, (6) defendant did not provide any legal support for its alleged belief that filing an amended complaint tolled the time in which to respond to the written discovery requests, (7) defendant's counsel failed to notify plaintiff that the requests for production of documents was duplicative of the requests for admissions, and (8) plaintiff relied on the admissions for "a little over two months, which is analogous to the situation in *Conlon*. *Id.*

Plaintiff argues that defendant has not demonstrated "good cause" for its failure to timely respond, and that "[a]t most, [defendant] offers the unsubstantiated statements that its counsel 'was working with a reduction of staff,' that '[d]efendant's counsel anticipated a new scheduling order...which would have extended the deadlines in this matter [sic] providing more time to respond,' and '[d]efendant's counsel as well as [d]efendant was [sic] overwhelmed with the amount of admissions propounded.'" *Id.* Plaintiff asserts that "[n]one of these statements are supported by affidavit or declaration," and that "[n]one of the proffered "reasons" meet the standard for good cause." *Id.* Plaintiff argues that the local and federal rules provided defendant with several ways to cure any of

these alleged situations, and that defendant was not diligent and waited until the motion for partial summary judgment (#38) was filed to raise any of the issues. *Id.*

### D.	Relevant Law/Discussion

Rule 36(a) states that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Pursuant to Section (a)(3) of Rule 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 36(a)(3).

If the responding party does not admit a matter, Rule 36(a)(4) provides that:

> the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). "The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5). "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). Upon a motion, "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action

and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

The court finds that allowing defendant to withdraw and/or amend its responses (subject to the court's finding below), as opposed to deeming the admissions admitted for the purpose of a summary judgment motion, would promote the presentation of the action on the merits. *See Id; see also* Fed. R. Civ. P. 1 (stating that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Although defendant undisputedly missed the deadline to respond to plaintiff's requests for admissions, it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962). As defendant served plaintiff with responses to plaintiff's requests for admissions on April 5, 2013 (#44-8), the court finds it in the interest of justice to consider defendant's responses within the purview of Rule 36. *See Id;* Fed. R. Civ. P. 1.

Defendant's responses are as follows:

1. As to the Admissions 1 through 11; 45; and 46 Defendant *admits.*

2. As to the Admissions 14 through 16; 35 through 44; 50 through 95; and 97 through 100, Defendant *denies.*

3. As to the Admissions 12 and 13; 17 through 34; and 47 through 49, Defendant *admits in part and denies in part.*

4. As to Admissions 96, and 101 through 136 Defendant is *without sufficient knowledge or information to form a belief.*

(#44-8)(emphasis in original).

Defendant's first, second, and fourth sets of responses comply with Rule 36(a)(4) and are appropriate responses. *Id*; *See* Fed. R. Civ. P. 36(a)(4). The third set of responses, however, do not

adhere to the requirements of Rule 36(a)(4) that "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.*  Defendant did not specify which part of the admissions it denied or qualify or deny the remaining portions. (#44-8).  The court finds under Rule 36(a)(6) that the admissions contained in the third set of defendant's responses (#44-8) are admitted. *See* Fed. R. Civ. P. 36(a)(6)(providing that "[o]n finding that an answer does not comply with this rule, the court may order. . . that the matter is admitted..."). Defendant's responses to the plaintiff's requests for admissions (#44-8), as modified herein, are the operative responses.

The court recognizes that plaintiff may be prejudiced by defendant being permitted to withdraw/amend some of its untimely responses, but finds that the prejudice could be cured by awarding monetary sanctions and/or by re-opening discovery for plaintiff *only* if plaintiff deems it necessary. Within fourteen (14) days from the entry of this order, defendant must pay to plaintiff $500.00 in monetary sanctions for failure to comply with the Federal Rules of Civil Procedure.  If, after the court rules on the motion for partial summary judgment (#38), plaintiff perceives a need to conduct more discovery, plaintiff may file an appropriate motion with the court. *See* Fed. R. Civ. P. 36(b).  Discovery is closed for defendant.

Accordingly and for good cause shown,

IT IS HEREBY ORDERED that is defendant Mungchi, Inc's Motion to Withdraw & Amend Admissions (#45) is GRANTED in part and DENIED in part, as discussed above.

IT IS FURTHER ORDERED that defendant's responses to the Requests for Admissions (#44-8), as modified herein, are the operative responses.

IT IS FURTHER ORDERED that, within fourteen (14) days from the entry of this order, defendant must pay to plaintiff $500.00 in monetary sanctions.

IT IS FURTHER ORDERED that if, after the court rules on the motion for partial summary judgment (#38), plaintiff perceives a need to conduct more discovery, plaintiff may file an appropriate motion with the court.

DATED this 18th day in June, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE