**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

RENO-TAHOE SPECIALTY, INC.,

   Plaintiff,

vs.

MUNGCHI, INC., et al.,

   Defendants.

2:12-cv-01051-GMN-VCF

**REPORT AND RECOMMENDATION**

Before the Court is plaintiff's Motion for Default Judgment as to Defendants Top Design and Kyung Su Lee (#54). Having reviewed the relevant portions of the file, including the sealed Declaration of John L. Krieger in Support of Plaintiff's Motion for Default Judgment and Exhibit A thereto, the undersigned Magistrate Judge recommends that the permanent injunction, statutory damages, attorneys' fees and non-taxable costs be granted as set forth in the attached Exhibit 1.

The statutory rules for the recovery of damages for copyright infringement do not merely compel restitution of profits and restoration for injury but are also designed to discourage wrongful conduct. The discretion of court thereunder is wide enough to permit resort to awarding statutory damages, attorneys' and non-taxable costs even for uninjurious and unprofitable invasions of copyright. *Woolworth Co. v. Contemporary Arts, Inc.*, 73 S. Ct. 222, 97 L.Ed. 276, 95 U.S.P.Q. 396 344 U. S. 228 (1952).

The court has discretion to award appropriate damages, if deemed just, to vindicate the statutory policy. *Id.* This judgment disposes of all claims against two of the three defendants. Plaintiff's Motion for Summary Judgment is pending against the one defendant who has not defaulted. Good cause exists to grant the preliminary injunction against the two defaulting parties. While plaintiff requests an award of maximum statutory damages for willful violation of two different statutes, considering the lack of

direct evidence of willful conduct by these two defendants, the fact that most of the attorneys' fees and costs were incurred litigating against the party who has not defaulted, the recommended final judgment includes damages, fees and costs totaling $72,000.

A Rule 54(b) certification is also recommended, so that the requested default judgment will be final, appealable and executable.

DATED this 20th day of November, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

# Exhibit 1

# Exhibit 1

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| RENO-TAHOE SPECIALTY, INC., | |
| Plaintiff, | 2:12-cv-01051-GMN-VCF |
| vs. | **FINAL JUDGMENT ON DEFAULT AND PERMANENT INJUNCTION** |
| MUNGCHI, INC., et al., | |
| Defendants. | |

Plaintiff Reno-Tahoe Specialty, Inc. having filed an application for entry of default judgment against Defendants Top Design and Kyung Su Lee pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Clerk of the Court having entered Default against Defendants on March 4, 2013, and, this Court having now given due consideration to Plaintiff's application for such judgment as well as all papers, pleadings, and exhibits offered in support thereof by Plaintiff, the Court being further fully advised in the matter, it is therefore,

ORDERED, ADJUDGED and DECREED that Judgment be entered in favor of Plaintiff Reno-Tahoe Specialty, Inc. and against Top Design and Kyung Su Lee, jointly and severally, on all counts of Plaintiff's Complaint; and, it is further ordered and adjudged that said Judgment shall include the following specific findings of fact and awarding of specific relief:

Plaintiff is the owner of U.S. Copyright Registration Nos. VA 993-271, VA 993-270, and VA 1-198-412 (collectively the "695 View") for various iterations of its "695 View" image of the Las Vegas Strip;

Defendants, without the knowledge or consent of Plaintiff, copied the 695 View into some storage medium;

1  Defendants, without the knowledge or consent of Plaintiff, manipulated copies of the 695 View
2  to create derivative works for use on T-shirts;

3  Defendants, without the knowledge or consent of Plaintiff, used the 695 View for their own T-
4  shirts to be sold at the same stores in which Plaintiff sells its own merchandise containing the 695 View;

5  The infringing T-shirts created, manufactured and distributed by Defendants are nearly identical
6  to the 695 View;

7  Defendants, without the knowledge or consent of Plaintiff, distributed and sold their infringing
8  T-shirts to gift stores throughout Las Vegas;

9  Defendants removed the copyright management information from the 695 View before copying
10  them to create the infringing T-shirts.

11  Defendants continue to manufacture, distribute and sell its infringing t-shirts to the public;

12  Defendants' conduct constitutes infringement of Plaintiff's copyrights in the 695 View; Plaintiff
13  and Defendants are competitors;

14  Defendants' use of the 695 View was intended to disrupt Plaintiff's prospective economic
15  advantage;

16  Defendants have acted willfully in their infringement of the 695 View;

17  Should Defendants' use of an image that is nearly identical to Plaintiff's copyrighted 695 View
18  continue, Plaintiff will continue to suffer irreparable injury for which an award of damages
19  would be inadequate; and

20  Defendants are liable for willful copyright infringement, removal or alternation of copyright
21  management information, unfair competition, and intentional interference with prospective economic
22  advantage.

23  THEREFORE, IT IS HEREBY ORDERED that Defendants Top Design and Kyung Su Lee and
24  their agents, servants, employees and/or all persons acting in concert or participation with Defendants
25

are hereby permanently enjoined from copying, manipulating, adapting, reproducing, uploading, distributing, sharing, selling or displaying Plaintiff's 695 View or any derivatives thereof; and

IT IS FURTHER ORDERED that Defendants Top Design and Kyung Su Lee, jointly and severally, pay Plaintiff statutory damages of $50,000.00 for their willful copyright infringement; and

IT IS FURTHER ORDERED that Defendants Top Design and Kyung Su Lee, jointly and severally, pay Plaintiff statutory damages of $10,000 for removal or alteration of copyright management information; and

IT IS FURTHER ORDERED that Defendants Top Design and Kyung Su Lee, jointly and severally, pay Plaintiff's attorneys' fees in the amount of $12,000 and non-taxable costs in the amount of $600; and

IT IS FURTHER ORDERED that interest will accrue on the total judgment amount of Seventy-two Thousand Six Hundred Dollars ($72,600) at the federal court judgment rate from the date of entry of this Final Judgment.

IT IS FURTHER ORDERED, pursuant to FRCP 54(b), the court expressly determining that there is no just reason for delay, the court directs the entry of final judgment as stated herein on all claims against defendants Top Design and Kyung Su Lee.

IT IS FURTHER ORDERED that jurisdiction of this case shall be retained by this Court for the purpose of enforcing this Judgment.

IT IS SO ORDERED:

DATED this _____ day of _____, 2013.

_____
The Honorable Gloria M. Navarro
UNITED STATES DISTRICT JUDGE