UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Reno-Tahoe Specialty, Inc., )
                     Plaintiff, )   Case No.: 2:12-cv-01051-GMN-VCF
  vs. )
                                  )   **ORDER**
Mungchi, Inc., )
               Defendants. )

This is an action for copyright infringement and related claims. Pending before the Court is the Motion to Reconsider, (ECF No. 104), filed by Defendant Mungchi, Inc. ("Mungchi"). Plaintiff Reno-Tahoe Specialty, Inc. filed a Response, (ECF No. 106).

On October 27, 2014, the Court granted Plaintiff's oral motion to strike the references to a fair use defense from Mungchi's Trial Brief. (ECF No. 101). In the instant Motion, Mungchi requests that the Court reconsider its ruling and allow the fair use defense to be asserted at trial.

### I. BACKGROUND

This action centers upon allegations that Mungchi infringed upon Plaintiff's copyright over an enhanced image of the Las Vegas Strip by printing a nearly identical image on t-shirts that were sold in competition with Plaintiff's products. (Am. Compl. 2:27-3:4, 5:4-14. ECF No. 31). Plaintiff filed its original Complaint on June 20, 2012, (ECF No. 1), against Mungchi. Mungchi filed its Answer on August 23, 2012. (Answer 1:23-2:13, ECF No. 19).[1] Though the Answer set forth twenty affirmative defenses, (*id.* at 2:17-5:6), it did not indicate that Mungchi considered its actions to be protected under the doctrine of fair use.

---

[1] Plaintiff filed an Amended Complaint on January 22, 2013, which named additional defendants but did not alter Plaintiff's allegations against Mungchi. (ECF No. 31). Mungchi did not amend its answer in response to the Amended Complaint. Thus the original answer stands as Defendant Mungchi's operative pleading.

1    The first of Mungchi's filings to include the term "fair use" was its Response to
2 Plaintiff's First Motion for Partial Summary Judgment, filed on April 8, 2013. (Def.'s
3 Response, ECF No. 44).  Within its "Statement of Undisputed Facts," Mungchi asserted, "Any
4 use of the 'subject infringing image' by Defendant Mungchi is defensible since Defendant
5 Mungchi was under the belief that the 'subject infringing image' was a fair use derivative work
6 when purchased from Defendant Top Design." (*Id.* at 5:21-23).  Mungchi made no other
7 references to fair use within this filing.

8    Defendant also mentioned fair use in its Response to Plaintiff's Second Motion for
9 Partial Summary Judgment, filed on August 19, 2013. (Def.'s Response, ECF No. 60).
10 Mungchi argued, without elaborating, that "Plaintiff RTSI did not meet its burden in rebutting
11 Mungchi's fair use claims," and that "[T]he overall shift in focus as well as other changes
12 readily visible in Top Design's image makes Mungchi's fair use claim a viable infringement
13 defense." (*Id.* at 5:17-18, 9:23-24).  This Response also quotes from a letter sent by Mungchi's
14 counsel on June 8, 2012, which stated, "[Y]ou allege that Mungchi is infringing upon your
15 client's copyright by selling t-shirts with a picture of the Las Vegas landscape.  We must
16 respectfully disagree, and argue that Mungchi's use qualifies as fair use."  (Ex. 1 to Def.'s
17 Response, ECF No. 60-1).  However, the letter went on to discuss only that Mungchi's counsel
18 did not believe Plaintiff's image was subject to copyright protection.

19    In its Order denying Plaintiff's Second Motion for Partial Summary Judgment, the Court
20 observed that Mungchi's Response "appears to assert as an affirmative defense that Mungchi
21 made fair use of the work," but ultimately the Court did not rule upon the validity of Mungchi's
22 perceived attempt to raise a fair use defense. (Order 7:24-25, 15:18-20, ECF No. 76).

23    Mungchi made no further mention of a fair use defense until it filed its Trial Brief on
24 October 23, 2014. (Def.'s Trial Brief, ECF No. 92).  In the Trial Brief, Mungchi argues that any
25 use of Plaintiff's work is protected under the doctrine of fair use, pursuant to the four-factor test

set forth in *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539 (1985). (*Id.* at 11:1-12:21).

At Calendar Call, held on October 27, 2014, the Court granted Plaintiff's oral motion to strike the fair use defense from Mungchi's Trial Brief, finding that it was not timely raised and that Plaintiff would suffer substantial prejudice if it were asserted at trial. (ECF No. 101). In the instant Motion, Mungchi requests that the Court reconsider its ruling.

## II.     LEGAL STANDARD

Fed. R. Civ. P. 54(b) provides that any interlocutory order "may be revised at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities." Accordingly, "[w]here reconsideration of a non-final order is sought, the court has inherent jurisdiction to modify, alter or revoke it." *Goodman v. Platinum Condo. Dev., LLC*, 2012 WL 1190827, at *1  (D. Nev. 2012); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."); *United States v. Martin,* 226 F.3d 1042, 1049 (9th Cir. 2000); *Glavor v. Shearson Lehman Hutton, Inc.,* 879 F. Supp. 1028, 1032 (N.D. Cal. 1994) ("District courts are authorized to reconsider interlocutory orders at any time prior to final judgment.")

"Reconsideration may be appropriate if a district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law." *Rich v. TASER Int'l, Inc.*, 917 F. Supp. 2d 1092, 1094 (D. Nev. 2013); *see also Nunes v. Ashcroft,* 375 F.3d 805, 807–08 (9th Cir. 2004); *School Dist. No. IJ, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994).

"While a motion for reconsideration allows a party to bring a material oversight to the court's attention, it is not appropriate for a party to request reconsideration merely to force the

court to think about an issue again in the hope that it will come out the other way the second time." *Brown v. S. Nev. Adult Mental Health Servs.*, 2014 WL 2807688, at *2 (D. Nev. 2014) (internal quotation omitted); *see also Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006).

### III.    DISCUSSION

Mungchi argues that the Court should reconsider its decision to strike the fair use defense because (1) Mungchi made references to a fair use defense in its responses to Plaintiff's Motions for Partial Summary Judgment; and (2) Mungchi distributed, rather than created, the products with the allegedly infringing image. The Court will address each of these arguments in turn.

Pursuant to Federal Rule of Civil Procedure 8(c), affirmative defenses must be raised in a defendant's first responsive pleading. *See* Fed. R. Civ. P. 8(c); *Magana v. Commonwealth of the N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997). An affirmative defense which is not raised in the first responsive pleading is waived unless a defendant can show the plaintiff was given adequate notice and will not suffer prejudice. *See Kaufman v. Unum Life Ins. Co. of Am.*, 834 F. Supp. 2d 1186, 1192 (D. Nev. 2011) (quoting *Venters v. City of Delphi*, 123 F.3d 956, 968-69 (7th Cir. 1997)); *see also Magana*, 107 F.3d at 1446.

It is well established that fair use is an affirmative defense, and therefore it must be asserted within a defendant's first responsive pleading pursuant to Rule 8(c). *See, e.g.*, *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012) (citing *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 561 (1985)).

In the instant case, Mungchi failed to provide adequate notice of its intent to raise a fair use defense at trial. Though Mungchi's counsel used the term "fair use" in a letter that was sent to Plaintiff's counsel twelve days before the Complaint was filed, the substance of the letter argues only that Plaintiff's picture is not eligible for copyright protection. (*See* ex. 1 to Def.'s

1   Resp., ECF No 60-1) ("Simply put, this is nothing more than a picture of the Las Vegas strip
2   which many people have taken. . . . Thus, it is [Mungchi's] position, that simply placing an
3   image of a familiar sign on a picture of a landmark does not warrant copyright protection.").
4   Arguing that a work is not protected under copyright law is inconsistent with a fair use defense,
5   as the fair use doctrine applies only to cases in which someone other than a copyright owner
6   uses a copyrighted work without authorization. *Harper & Row*, 471 U.S. at 549 (1985); *see*
7   *also Monge*, 688 F.3d at 1170 (stating that the fair use doctrine "presumes that unauthorized
8   copying has occurred, and is instead aimed at whether the defendant's use was fair").  Indeed,
9   17 U.S.C. § 107, which establishes the fair use doctrine, provides "the fair use *of a copyrighted*
10  *work . . .* is not an infringement of copyright." 17 U.S.C. § 107 (emphasis added).  Therefore,
11  because the substance of Mungchi's June 2012 letter made only a passing reference to fair use
12  while setting forth arguments that were incongruous with a fair use defense, the Court finds that
13  the letter failed to provide adequate notice that Mungchi would argue fair use at trial.
14       Similarly, the references to fair use in the Responses to Plaintiff's Motions for Partial
15  Summary Judgment failed to indicate that Mungchi would later attempt to raise this defense.
16  The first of these Responses merely states that Mungchi had previously suspected that the
17  image itself, regardless of its application, was somehow protected by the doctrine of fair use—
18  "Defendant Mungchi was under the belief that the 'subject infringing image' was a fair use
19  derivative work when purchased from Defendant Top Design." (Def.'s Response 5:22-23, ECF
20  No. 44).
21       In the second Response, Mungchi asserts that Plaintiff "did not meet its burden in
22  rebutting Mungchi's fair use claims," and also argues that it is protected by the doctrine of fair
23  use because certain key differences between the two works indicate that the t-shirt image is not
24  actually a copy of Plaintiff's image. (Def.'s Response 5:18-19, 9:23-24, ECF No 60).  As stated
25  *supra*, the doctrine of fair use applies only in cases in which a protected work has been copied.

1  Therefore, Mungchi's argument that its actions constituted fair use because Plaintiff's image
2  was not actually copied is doctrinally incoherent.  Thus, the Court finds that the references to
3  fair use contained in the Responses to Plaintiff's Motions for Partial Summary Judgment failed
4  to give adequate notice that Mungchi intended to argue that its actions fell within the doctrine
5  of fair use.

6  Accordingly, because Mungchi failed to provide notice of its intent to raise a fair use
7  defense until three weeks prior to trial, the Court finds that allowing Mungchi to assert this
8  argument at trial would cause severe prejudice to Plaintiff.

9  Mungchi also appears to argue that its failure to timely raise the fair use defense should
10 be excused because Mungchi merely distributed, rather than created, the allegedly infringing t-
11 shirts. (Mtn. to Reconsider 7:18-20, ECF No. 104).  Mungchi states, "[I]t was Defendant Top
12 Design's responsibility to plead the fair use defense as the creator of the image at issue." (*Id.* at
13 7:20-21).  However, Mungchi fails to cite to any legal authority indicating that a defendant may
14 wait until the eve of trial to assert an affirmative defense based on its own assumption that a
15 different defendant is better situated to raise it earlier.  In fact, allowing such conduct could
16 create a perverse incentive for one defendant to intentionally fail to timely raise an affirmative
17 defense in order to allow another to ambush the plaintiff with that same defense at the eleventh
18 hour.  This would subject plaintiffs to significant prejudice and act in direct opposition to the
19 requirements of Rule 8(c).  Therefore, the Court declines to hold that Mungchi's failure to
20 timely raise its fair use defense is excused by the fact that the defense was not raised by the
21 other defendants in this case.

22 Therefore, the Motion to Reconsider does not present newly discovered evidence,
23 demonstrate that the Court committed clear error, or show that there has been an intervening
24 change in controlling law.
25 / / /

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Reconsider (ECF No. 104) is **DENIED**.

**DATED** this 13th day of November, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court